IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD HILL and PEGGY HILL,

    Plaintiffs,

v.

BOROUGH OF COALDALE, et al.,

    Defendants.

No. 06-CV-2363

Judge John E. Jones III

# ORDER

**September 15, 2008**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 24, 2006, Plaintiffs Ronald and Peggy Hill (collectively, "Plaintiffs") filed a six-count Complaint in the United States District Court for the Eastern District of Pennsylvania.[1] Named as Defendants were the Borough of Coaldale (the "Borough"); Shawn Nihen ("Nihen"), both individually and in his official capacity as Police Chief of the Borough; Gregory Altenbach

---

[1] Count I is a survival claim against Nihen, Altenbach, and the Beckers; Count II is a wrongful death claim against Nihen, Altenbach, and the Beckers; Count III is an intentional infliction of emotional distress ("IIED") claim against All Defendants; Count IV is a negligent infliction of emotional distress ("NIED") claim against All Defendants; Count V is a negligence and negligent supervision claim, made pursuant to 42 U.S.C. § 1983, alleging deprivations of life and liberty and lodged against Nihen, the Borough, and the Beckers; and Count VI is a claim for Defendants' alleged violations of the Fourth and Fourteenth Amendment rights of the Hills and Decedent, lodged against All Defendants. There was also a punitive damages claim made against Nihen.

1

("Altenbach"); Mr. and Mrs. Becker ("the Beckers"); and Christopher Frets ("Frets"). (Rec. Doc. 1-2).

On April 1, 2008 Nihen and the Borough filed a motion for summary judgment. We granted that motion in its entirety with respect to the Borough. (Rec. Doc. 60). With regard to Nihen, we granted the motion relative to all counts except Count III. (Id.). We also denied the motion with respect to the punitive damages sought pursuant to Count III. (Id.). On April 30, 2009, a settlement was reached between Nihen and Plaintiffs. (Rec. Doc. 72).

Also on April 30, 2009, Plaintiffs filed a request for default against Altenbach, the Beckers, and Frets (the "Defaultees") pursuant to Federal Rule of Civl Procedure 55(a), as they failed to respond to the complaint within the applicable time frame. (Rec. Doc. 73). We entered default on May 1, 2009. (Rec. Doc. 74). On May 11, 2009, Plaintiffs indicated that they wished to proceed to a bench trial to establish the amount of judgment against the Defaultees. The trial was held on August 21, 2009.

The following claims were addressed at trial: (i) survival claim against Altenbach and the Beckers; (ii) wrongful death against Altenbach and the Beckers; (iii) IIED against Altenbach, the Beckers, and Frets; (iv) NIED against Altenbach, the Beckers, and Frets; (v) negligence and negligent supervision pursuant to §

1983 against the Beckers; and (vi) Fourth and Fourteenth Amendment violations against Altenbach, the Beckers, and Frets. Plaintiffs withdrew their NIED claim contained in Count IV for lack of sufficient evidence and we dismissed Count VI in its entirety and Count V insofar as it sounded in federal law. Accordingly, the claims pursuant to which Plaintiffs could recover are as follows: (i) Count I– survival claim against Altenbach and the Beckers; (ii) Count II– wrongful death against Altenbach and the Beckers; Count III–IIED against Altenbach, the Beckers, and Frets; and Count V–negligence and negligent supervision against the Beckers, insofar as it is based on state law.

Although all remaining Defendants were properly notified of the proceedings, Altenbach was the only Defendant present at the August 21, 2009 trial. He elected not to offer any evidence in his defense at that time. During the trial, Plaintiffs submitted exhibits that quantified the various expenses they have allegedly incurred as a result of their son's death. They also submitted report by economist Andrew C. Verzilli, who determined their son's expected earning capacity had he worked until retirement age. All exhibits were admitted into evidence without objection. At the conclusion of the trial, we gave counsel for the Plaintiffs 10 days in which to file on the docket a document itemizing the quantity of damages associated with the remaining counts pursuant to which Plaintiffs

could recover. That deadline expired on September 4, 2009 and to date Plaintiffs' counsel has yet to file the requested document. Consequently, we will proceed to enter a verdict and assess damages based upon Plaintiffs' exhibits, without aid of the itemization we requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. A verdict shall be **ENTERED** against the following Defendants in the following amounts:

    a. Gregory Altenbach shall be liable for $ 2,600,000, consisting of the following:

        i. $ 2,000,000 on the survival claim contained in Count I;

        ii. $ 100,000 on the wrongful death claim contained in Count II;

        iii. $ 500,000 on the IIED claim contained in Count III.

    b. The Beckers shall be jointly and severally liable with each other for $ 650,000, consisting of the following:

        i. $ 500,000 on the survival claim contained in Count I;

        ii. $ 100,000 on the wrongful death claim contained in

4

Count II;[2]

        iii.    $ 50,000 on the IIED claim contained in Count III;

    c.    Frets shall be liable for $ 50,000, consisting of the following:

        i.    $ 50,000 on the IIED claim contained in Count III.

2. The Court declines to award punitive damages.

3. The Clerk of Court is **DIRECTED** to close the file.

/s/ John E. Jones III  
John E. Jones III  
United States District Judge

---

[2] We consider the state law negligence and negligent supervision claims as asserted in Count V to have been subsumed into this Count.